FILED'10 MAR 23 10:29 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON
EUGENE DIVISION

| ROBERT CRAM et al, | ) | CASE NO. 08-6365-HO |
|---|---|---|
| Plaintiffs, | ) ) ) | ORDER |
| vs. | ) ) | |
| STATE OF OREGON, DEPARTMENT OF HUMAN SERVICES, et al, | ) ) ) | |
| Defendants. | ) ) | |

## Introduction

This case arises from a child abuse investigation which resulted in the Department of Human Services' (DHS) removing the two youngest children of Robert and Sarah Cram from their home. The children were removed to protective custody on August 23, 2007. The children were removed subsequent to 2 ½ yr old H.C. suffering a spiral fracture to his left femur on August 17, 2007, under circumstances that were unclear and lead authorities to believe might involve child abuse. The children were returned to their family after a trial in mid-December, 2007.

Plaintiffs bring this federal action against a variety of State and County defendants individually and in their official capacity, including: the State of Oregon; Oregon Department of Human Services (DHS); the Linn County Sheriff; the Linn County District Attorney; Deputy District Attorney Brendan Kane; DHS Protective Services Worker Jessica Lucich; Linn County Sheriff Detective Sally Jo Donahue; DHS Social Worker Jennifer Rhinehart/Renda[1] and John Does 1-5 employees of Linn County. (#1).

Plaintiffs allege: violation of their First and Fourth Amendment rights under 42 U.S.C. §1983; as well as state common-law claims including violation of their right to be free of warrantless searches and seizures, assault and battery, defamation, harassment and intimidation, and their childrens' illegal detainment. *Id.* Plaintiffs seek compensatory damages against all defendants and punitive damages against defendants Donahue, Lucich, Kane and the unnamed John Does. *Id.*

Plaintiffs have moved for partial summary judgment regarding (1) the liability of DHS defendant Jessica Lucich, Linn County Detective Sally Jo Donahue and Linn County District Attorney Brendan Kane for harassment, defamation and illegal detainment; (2) the §1983 liability of defendants Lucich and Donahue as well

---

[1] Linn County Juvenile Consortium employee Jody Meeker was named in the Complaint but later was dismissed. (#21)

2 - ORDER

as their state and county employers for Fourth Amendment violations and (3) the §1983 liability of Lucich, Donahue and Kane and their employers regarding the Cram's First Amendment rights. (#30).

All defendants move for summary judgment on all plaintiffs' claims against them. (#48, #58). Defendants also move to strike all documents submitted with plaintiffs' Concise Statement for lack of authentication. [#53, #55].

## DISCUSSION

### A. Defendants' Motions to Strike:

All defendants move to strike all of the documents submitted with plaintiffs' Concise Statement of Material Facts because none of them were attached or sworn to or authenticated by an affidavit. (#53, #55) Plaintiffs oppose the motion and have subsequently filed an affidavit by their attorney Renee Stewart (#71) attaching and authenticating plaintiffs' documents supporting their Partial Motion for Summary Judgment Motion. As a result, I deny defendants' motions to strike (#53, #55).

Defendants also filed Motions to Strike [#113, #115], seeking to strike portions of the affidavits of Robert, Sarah and Judith Cram, arguing that the statements contained are not based on personal knowledge or contain inadmissible hearsay, legal conclusions or argument. I deny these motions as well while assuring the defendants that the court will not consider any

3 - ORDER

inadmissible evidence submitted in support of the Motions for Summary Judgment.

**B.   Standard of Review:**

Fed. R. Civ. P. 56(c) authorizes summary judgment if no genuine issue exists regarding any material fact and the moving party is entitled to judgment as a matter of law. The moving party must show the absence of any genuine issue of material fact. *Leisek v. Brightwood Corp.*, 278 F.3d 895, 898 (9th Cir. 2002). An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). The Court must draw all reasonable inferences in the favor of the nonmoving party. *Id.*

**C.   Background:**

It is undisputed that on August 17, 2007, H.C., a 2 ½ year old boy, sustained a spiral fracture to his left femur while in the care of his parents, Robert and Sarah Cram at their home in Mill City, Oregon. H.C. was immediately taken by his parents to the Santiam Hospital - where Mrs Cram worked as a Certified Nurses' Aide- where he was treated in the emergency room by Dr. Jacques.

Dr. Jacques transferred H.C. to Legacy Emanuel Children's Hospital (Emanuel), in Portland where physicians believed that H.C.'s injury was concerning for abuse and so, reported H.C.'s

4 - ORDER

injury to DHS. Following that report, Linn County Sheriff Detective Donahue and DHS Child Protective Services Worker Lucich were assigned to investigate the matter the next day, on August 18, 2007.

On August 18, 2007, Det. Donahue and Ms. Lucich went to the Cram residence to interview H.C.'s 7-year old brother, a possible witness to H.C.'s injury. When Det. Donahue and Ms. Lucich arrived at the Cram residence, Helen Dayton (Mrs Cram's mother), was babysitting the other two Cram children, M.R. (7 years old) and V.C. (8 months old), while their parents accompanied H.C. at Emanuel hospital in Portland. Pursuant to Sarah Cram's telephoned instruction, Ms. Dayton called the paternal grandmother Judy Cram, requesting that she come over while Donahue and Lucich were there. Judy Cram came to the house as requested.

In mid-August, 2007, during the course of her investigation, Det. Donahue asked both Robert and Sarah Cram to take a polygraph test. They both refused.

Pending a shelter hearing, Lucich's supervisor Shannon Wuitschick made the decision to remove the two youngest Cram children to protective custody. Ms. Lucich, acting for DHS, then removed H.C and V.C. from their home, placing them in protective custody on August 23, 2007. After weighing the evidence at the initial shelter hearing, the court made a finding of probable

5 - ORDER

cause and granted DHS temporary custody of the children.

On or about October 10, 2007, based on Det. Donahue's recommendation, Deputy District Attorney Sternhagen decided not to pursue criminal charges against Robert and Sarah Cram. Later at the December 17, 2007 trial, after hearing conflicting medical expert testimony, the Linn County Juvenile Court dismissed the DHS petitions and returned V.C. and H.C to their parents' custody.

The parties disagree and dispute many material facts including for example, whether or not H.C.'s grandmother(s) gave Donahue and Lucich permission to enter the house and to interview M.R. privately; whether or not M.R. was strip-searched by Donahue and Lucich or spontaneously told and showed Donahue and Lucich that he had drawn on himself with markers, and indeed what M.R. told his interviewers about his parents' discipline measures and the cause of his little brother's injury; as well as on what basis V.C. was X-rayed and how H.C's injury was actually caused.

However, despite the parties' obvious disagreements, there are some issues that are appropriately resolved at this stage of litigation.

### D. State law claims

The Eleventh Amendment generally renders States immune from private damage suits in federal court. *Stanley v. Trustees of Cal State Univ.*, 433 F.2d 1129, 1133 (9th Cir. 2006). Thus

6 - ORDER

absent waiver neither a State or its agencies acting under its control may be subject to suit in federal court. *Puerto Rico Aqueduct & Sewer Auth. V. Metcalfe & Eddy*, 506 U.S. 139, 144 (1993). The Ninth Circuit and the Supreme Court have long held that if a State has not waived its immunity, its agencies are immune from private damage actions or suits for injunctive relief brought in federal court. *In re: Pegasus Gold Corp.*, 394 F.3d 1189, 1195 (9th Cir. 2005).

Similarly, state officials acting in their official capacities are immune from suit for monetary damages under the Eleventh Amendment since that suit is no different than a suit against the State itself. *Will v. Mich. Dept State Police,* 491 U.S. 58, 71 (1989). Under Oregon law when a state law claim arises out of the act or omission of a state officer, employee or agent within the course and scope of his official duties, the State of Oregon is substituted as the party defendant. ORS 30.265(1).

Plaintiff's state law complaints against the state employee, officer or agent defendants[2], all allege actions that took place within the course and scope of their various employment with the

---

[2] These defendants include the Linn County Sheriff; Linn County Sheriff Detective Sally Jo Donahue; the Linn County District Attorney; Linn County Deputy District Attorney Brendan Kane; DHS Protective Services Worker Jessica Lucich, her supervisor Shannon Wuitschick; DHS Social Worker Jennifer Rhinehart/Renda and John Does 1-5 employees of Linn County.

7 - ORDER

DHS, the Linn County District Attorney or the Linn County Sheriff. The employees, officers and agents are therefore dismissed from all state tort claims; the State of Oregon is substituted as the sole party defendant in plaintiff's state tort claims.

However, the State of Oregon cannot be sued in federal court unless it waives or Congress abrogates its sovereign immunity because "[t]he Eleventh Amendment has been authoritatively construed to deprive federal courts of jurisdiction over suits by private parties against unconsenting States." *Seven up Pete Venture v. Schweitzer,* 523 F,3d 948, 956 (9th Cir.2009)(citing . *Seminole Tribe of Florida v. Florida,* 517 U.S. 44, 54 (1996)). Thus the Eleventh Amendment bars any suit in which a state agency, such as DHS, is named as a defendant regardless of the relief sought. *Pennhurst State School & Hospital v. Alderman,* 465 U.S. 89, 100 (1984)

The State of Oregon did not remove this action from state court and while it *has* consented under the Oregon Tort Claim Act (OTCA)to be sued in Oregon courts for the torts committed by its employees, agents or officers acting within the course and scope of their employment; it has not consented to be sued in federal court for these torts. *Blair v. Toran,* 1999 WL 1270802, *23(D.Or.).

For the above stated reasons, all of plaintiffs' state law

8 - ORDER

claims are dismissed.

**E.     Prosecutorial Immunity:**

Plaintiffs assert that Mr. Kane is a Linn County employee because he is paid by Linn County and argue that he therefore is unable to assert Eleventh Amendment defenses. Plaintiffs' assertion ignores a substantial body of Oregon law establishing that District Attorneys and their deputies *are* officials of the State of Oregon. The legislature has expressly designated district attorneys as prosecutors "on behalf of the state. ORS 8.660(1). Similarly state law authorizes district attorneys and their deputies to appear in juvenile court on matters including dependency hearings. ORS 8.685(3), ORS 8.780. Thus, throughout Oregon's history, district attorneys have been regarded as state officers who act as prosecutors for the executive branch. See e.g., *State v. Clark,* 291 Or 231, 245 (1981).

As a State prosecutor, Deputy District Attorney Kane has absolute rather than qualified, prosecutorial immunity. *Meyers v. Contra Costa Co. Dept. Soc. Serv.*, 812 F.2d 1154, 1156 (9th Cir. 1987). This immunity is expressly designed to permit prosecutors to perform their duties without fear of even the threat of section 1983 litigation. *Id.*

Plaintiffs do not allege any action by Mr. Kane that was not solely related to the dependency proceedings. In fact, their claim relates explicitly to his discretion as a prosecutor in

9 - ORDER

that they complain about his decision to continue with the dependency proceedings despite receiving a statement by a doctor saying no abuse took place. (#1, p.6, ¶ 3.11).

Plaintiffs also added a new allegation in their summary judgment motion claiming that Mr. Kane (and Ms. Lucich) told the Crams that taking their counsels' advice was harming them. Even taking these allegations in the light most favorable to the plaintiffs, this claim again ignores Oregon law establishing that an absolute immunity attaches to prosecutorial statements made in the course of or incident to a judicial proceeding. *Tillamook Country Smoker Inc., v. Woods,* 732 F.Supp. 1091, 1093 (D.Or. 1990)(citing *Moore v. West Lawn Mem'l Park Inc.,* 266 Or 244, 249 (1973)).

Both Mr. Kane and the Linn County District Attorney are entitled to absolute immunity and all claims against them are therefore dismissed.

### F.   **Absolute Quasi-judicial/prosecutorial Immunity**

Although child services workers do not initiate criminal proceedings, their responsibility for bringing dependency proceedings and their responsibility to exercise independent judgment in determining when to bring such proceedings, is not altogether different from the responsibility of a criminal prosecutor. *Meyers,* 812 F.2d at 1157. Therefore, social workers enjoy absolute quasi-judicial/prosecutorial immunity when as

here, they are making quasi-prosecutorial decisions connected with the initiation and pursuit of child dependency proceedings or are involved in making post-adjudicative custody decisions. *Id; see also Mabe v. San Bernardino County Dept. Soc. Serv.*, 237 F.3d 1101, 1109 (9th Cir. 2001)(citing *Babcock v. Tyler*, 884, F.2d 497, 503 (9th Cir. 1989)).

Ms. Rhinehart/Renda has been employed by the DHS at all times relevant to this matter. (#61) In 2007 she was assigned to the Cram's case as a DHS permanency worker - a social worker who monitors children in custody of DHS who have been removed from their homes and have dependency proceedings established and underway. *Id.* Ms. Rhinehart/Renda was assigned to the Cram case in September 6, 2007, several weeks after the Cram children had been placed in DHS custody. *Id.*

Plaintiffs' Complaint is silent with regard to any claim or allegation about a specific act by defendant Rhinehart/Renda. (#1) Plaintiffs instead appear to rely on conclusory statements made in their "Response to State Defendants Memorandum of Law"(#93), in which they allege Ms. Rhinehart/Renda showed "deliberate indifference to [the Cram] children's plight" (#93, p.14) and failed to "minimize the damage done" by the defendants' actions. (#93, p.17). Plaintiffs make no allegations suggesting that Ms. Rhinehart/Renda was acting outside the course and scope of her DHS employment as a permanency worker. Therefore any state law claims imputed to her must be against her public

11 - ORDER

employer only.  ORS. 30.265(7).

Similarly, any federal claims under 42 U.S.C. §1983 are not properly brought against her - there is simply no evidence presented from which a reasonable jury could find that her conduct in supervising the Cram children after the shelter hearing violated any plaintiff's First or Fourth Amendment rights.  Thus, because there are no allegations that Ms. Rhinehart/Renda acted outside the scope and course of her employment, she has absolute immunity from all claims against her.

Nor are plaintiffs' First Amendment allegations against Ms. Lucich supported by any evidence showing that Ms. Lucich's actions were outside the province of her investigatory and prosecutorial duties as a DHS social worker.  Ms. Lucich therefore has absolute immunity from all First Amendment claims against her.

Plaintiffs also attempt to substitute Ms. Lucich's supervisor Shannon Wuitschick for a John Doe in a "request" made in their "Opposition to Motion for Summary Judgment by Defendants"[3] (#94).  Plaintiffs have neither served Ms Wuitschick nor attempted to amend their complaint thereby apprising her of the claims they now seek to bring against her.  Plaintiff's

---

[3] This is done despite the fact that plaintiffs John Does 1-5 are identified as Linn County Employees and Ms Wuitschick as a DHS supervisor is a State employee.

12 - ORDER

attempt to add a new defendant after discovery has closed is therefore inappropriate and denied.

It should be noted that even if the court allowed her to be substituted in for a John Doe defendant in this manner (which it will not), plaintiffs' attempt to name her individually would fail. Ms. Wuitschick is Ms. Lucich's direct supervisor in the Linn County DHS office. She is the person who, after Ms Lucich completes her investigation in an alleged child abuse case, makes the decision whether or not to remove the child or children from their home. (#59).

In this instance, she received Ms Lucich's investigatory report and based on the circumstances including, H.C.'s injury, the inconsistent stories about how his injury occurred, the treating doctors' concerns about the possibility of abuse and the inconsistent accounts given in his parents' interviews, she made the professional judgment call to remove the two youngest, non-verbal Cram children from their home and place them in protective custody pending a dependency hearing. *Id.* Because there are no allegations that Ms. Wuitschick acted outside the scope and course of her employment even if she were substituted in, she would have absolute immunity from all claims against her.

For the reasons stated above all DHS employees[4] have absolute immunity and are dismissed from this action.

---

[4] Except Ms. Lucich - plaintiff's Fourth Amendment claims remain against Ms Lucich.

13 - ORDER

### G. Qualified Immunity

Plaintiffs assert the same state law claims[5] against both the Linn County Sheriff and Detective Donahue individually for Det. Donahue's part in the Linn County Sheriff's investigation into this matter. Plaintiffs also allege violations by these county actors of plaintiffs' First and Fourth Amendment rights pursuant to 42 U.S.C. §1983.

Plaintiffs do not allege any facts that would support a finding that the Linn County Sheriff had unconstitutional policies or that Det. Donahue acted outside the course and scope of her employment as a Linn County Sheriff's Department Detective during the Cram investigation. Nor are there colorable facts alleged in plaintiffs' state and federal claims that would overcome the Linn County Sheriff and Det. Donahue's qualified immunity for Det. Donahue's investigatory actions (except where because of material facts in dispute, Fourth Amendment violations are alleged).

The Linn County Sheriff and Det. Donahue are therefore entitled to qualified immunity on all claims except those against Det. Donahue claiming Fourth Amendment violations.

---

[5] The defamation claim is nonviable against the Sheriff and Det. Donahue for another reason as well; Det. Donahue's investigation concluded on October 10, 2007 and plaintiff's complaint was filed on November 12, 2008 - 13 months later. The complaint was therefore filed beyond the one-year statute of limitations provided in ORS 12.120(2).

14 - ORDER

**H.   42 U.S.C. §1983 claims:**

    1.   First Amendment violation claims:

Plaintiffs allege that their First Amendment rights were violated by defendants Lucich, Donahue, Kane and one or more John Does. ((#1,¶ 4.10). Construed broadly, plaintiffs claim retaliatory prosecution in violation of their First Amendment rights which allegedly include the right to refuse a polygraph, to peacefully question the authority of law enforcement officers to conduct a warrantless search of their children and home, and in their choice of counsel. *Id*.

Contrary to the State defendants assertions that plaintiffs must show that defendants deterred or chilled their constitutionally protected speech in order to establish a First Amendment retaliation claim (#118, p.7), the Ninth Circuit noting that speech can be chilled even when not completely silenced, has never at the pleading stage, required a litigant to demonstrate a total chilling of his First Amendment speech to perfect a retaliation claim. *Rhodes v. Robinson,* 403 F.3d 559, 568-69 (9th Cir. 2005).

Thus the proper First Amendment retaliation inquiry has two prongs; the first prong is whether an official's acts would chill or silence a "person of ordinary firmness from future First Amendment acts." *Rhodes* 403 F.3d at 569. The second prong's inquiry requires that plaintiff prove that defendants' desire to

15 - ORDER

cause the chilling affect was the but-for cause of defendants' action(s). *Dietrich v. John Adscuaga's Nugget* 548 F.3d 892, 901 (9th Cir 2008)(citing *Skoog v. County of Clackamas*, 469 F.3d 1221, 1231-32 (9th Cir. 2006)).

Additionally, in order to plead and prove retaliatory prosecution for exercise of a First Amendment[6] right as is here alleged (albeit broadly), the Supreme Court has held that a plaintiff must plead and prove that the defendant lacked probable cause. Here even taking the facts in the light most favorable to plaintiffs, their First Amendment claims fail because it is undisputed that the court found there *was* probable cause at the shelter hearing and awarded DHS custody of the children pending the dependency hearing.

For this reason plaintiffs' First Amendment claims against all defendants fail and are dismissed.

### 2. Fourth Amendment violation claims:

Plaintiffs allege that their children's Fourth Amendment rights were violated by defendants Lucich and Donahue (and one or more John Does) warrantless search of their person(s). (#1, ¶ 4.2). This claim appears to be based on: (1)

---

[6] Additionally I find no Ninth Circuit authority to support plaintiff's bald assertion that they have a First Amendment right to refuse a polygraph or to select certain counsel. The Sixth Circuit (as noted by defendants (#118,p.8)) further erodes this claim by plaintiffs in finding that refusing a polygraph *does not* implicate First Amendment rights. *Luty v. City of Saginaw,* 2009 WL 331621 (6th Cir. 2009).

16 - ORDER

Lucich and Donahue noting M.R.'s felt marker drawings on various parts of his body which plaintiffs argue could only have been viewed by Lucich and Donahue unzipping and adjusting his clothes or strip-searching him; (2) H.C.'s "warrant less" examination by Dr. Heskett, Emanuel's child abuse expert; and (3) DHS's requirement that V.C. be X-rayed for possible fractures indicating abuse. (#74, #90).

Although not pleaded in their complaint or contained in a motion to amend, plaintiffs now appear to be requesting that the court allow them to add a Fourth Amendment violation claim based upon Lucich and Donahue's allegedly warrantless entry into the Cram house without the home owners' consent. *Id.* Defendants protest this additional Fourth Amendment claim because it was not pleaded in any complaint or amended complaint and was brought forward by plaintiffs after discovery was complete. (#118).

While I am hard pressed, given the extensive briefing and discovery that has already been done, to imagine what further discovery would be needed in order to respond to this allegation, I will allow this additional claim and re-open discovery upon defendants motion for a reasonable time to allow defendants to fully develop their defense against plaintiffs' new claim.

The Ninth Circuit has established that a parent has standing to bring a Fourth Amendment claim for the seizure of a minor child. *Wallis v. Spencer*, 202 F.3d 1126, 1137-FN8 (9th Cir.

17 - ORDER

2000). Thus, in analyzing such a claim the court has found that officials may remove a child from the custody of its parents without prior judicial authorization only if the information they possess at the time of the seizure is such as provides a reasonable cause to believe that the child is in imminent danger of serious bodily injury and the intrusion is necessary to avert the specific injury. *Wallis* 202 F.3d at 1138.

This claim is the sole problematic claim for summary judgment - there are simply too many disputed facts involving among other things whether the officials had permission to enter the home, whether they did indeed search M.R., and upon what evidence they based their request that V.C. be X-rayed - for this issue to be resolved at this juncture. For these reasons given the parties' disagreement about the material facts pertinent to the Fourth Amendment claim, summary judgment for either party on this claim would be inappropriate at this time.

## CONCLUSION

For the reasons detailed above:

1. Defendants' Motions to Strike (#53, #55, #113, #115) are DENIED.
2. Plaintiffs' Motion for Partial Summary Judgment (#30) is DENIED.
3. Defendants' Motions for Summary Judgment (#48, #58) are GRANTED in part and DENIED in part as follows:

18 - ORDER

GRANTED in that:

- * All state law claims against the State of Oregon, Department of Human Services are DISMISSED;
- * All claims against defendants Linn County District Attorney, Deputy District Attorney Kane, Linn County Sheriff, DHS employees Ms. Rhinehart/Renda, Ms. Wuitschick, and John Does 1-5, are DISMISSED;
- * All claims against all defendants for violation of plaintiffs' First Amendment rights pursuant to 42 U.S.C. §1983 are DISMISSED; and

DENIED with regard to Plaintiffs' Fourth Amendment claims pursuant to 42 U.S.C. §1983.

IT IS SO ORDERED.

DATED this __19th__ day of March, 2010.

*Michael R. Hogan*
United States District Judge

19 - ORDER